UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JESSICA BATTISTE**                                            **CIVIL ACTION**

**VERSUS**                                                             **NO. 16-464-JWD-EWD**

**AVOYELLES PARISH CLERK**
**OF COURT OFFICE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Baton Rouge, Louisiana, November 2, 2016.

                                                                               **ERIN WILDER-DOOMES**
                                                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JESSICA BATTISTE**                                                  **CIVIL ACTION**

**VERSUS**                                                                   **NO. 16-464-JWD-EWD**

**AVOYELLES PARISH CLERK**
**OF COURT OFFICE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jessica Battiste ("Battiste"), filed her Complaint in this matter on July 13, 2016 (R. Doc. 1). Plaintiff filed a Motion to Proceed In Forma Pauperis that same day. (R. Doc. 2). On July 15, 2016, the Court ordered (R. Doc. 4) Plaintiff to complete form AO-239 – Application To Proceed In District Court Without Prepaying Fees and Costs (Long Form), to provide additional information for the court to consider Battiste's request to proceed *in forma pauperis*. On July 28, 2016 the court found Battiste was not eligible to proceed *in forma pauperis* based on the information provided and ordered payment of the filing fee within fourteen (14) days of the Order. (R. Doc. 6)

On October 3, 2016 (R. Doc. 9) the court ordered Battiste, to personally appear at a hearing on October 19, 2016 at 11:00 a.m. in Courtroom 5 before the undersigned to show cause why her claims should not be dismissed for failure to pay the filing fee (the "Show Cause Order"). Alternatively, the Show Cause Order provided that Battiste could pay the filing fee in lieu of appearing for the hearing. The Show Cause Order states, "**FAILURE TO FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THE COMPLAINT**

**AS TO THE PLAINTIFF, JESSICA BATTISTE, WITHOUT FURTHER NOTICE**." (Emphasis in original).  Battiste did not appear for the hearing, nor has she paid the filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court." *Smithback v. Texas*, No. 07–288, 2007 WL 1518971 at *8 (N.D.Tex. May 24, 2007) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)). "This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars." Id. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 326, 629–31 (1962)). "Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions." Id. (quoting *Mann v. Merrill Lynch, Pierce, Fenner & Smith*, 488 F.2d 75, 76 (5th Cir.1973)). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." Id. (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir.1982)).

This court has already warned Battiste that failure to pay the filing fee could result in dismissal of her claims in this matter.  To ensure that Battiste received the Show Cause Order, the court had it served via certified mail, return receipt requested (R. Doc. 9).  The return showing the Show Cause Order was delivered to the address provided by Battiste when she initiated this case is also in the record (R. Doc. 10).  Battiste has not responded in any way either to the denial of her request to proceed *in forma pauperis* or to the Show Cause Order.  However, because dismissal

with prejudice is a harsh sanction, the court recommends the lesser sanction of dismissal without prejudice.[1]

## RECOMMENDATION

It is the recommendation of the undersigned that this matter be dismissed without prejudice for Plaintiff's failure to pay the filing fee, pursuant Federal Rule of Civil Procedure 41(b).

Signed in Baton Rouge, Louisiana, November 2, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It is not clear from the allegations of the Complaint whether all or some of the claims asserted by Battiste would be prescribed if her claims are dismissed.